IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD KIRKLEWSKI and
"BABY BOY" SOWINSKI,

                                                   ORDER

                Plaintiff,

                                                10-cv-347-bbc

      v.

DAVID T. FLANAGAN, DANE COUNTY,
UNIVERSITY OF WISCONSIN HOSPITAL
and THE CITY OF MADISON DEPARTMENT
OF POLICE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a proposed civil action. Plaintiff Richard Kirklewski has requested leave to proceed under the in forma pauperis statute, 28 U.S.C. §1915. From the affidavit of indigency accompanying plaintiff's proposed complaint, I conclude that plaintiff is unable to prepay the fees and costs of instituting this lawsuit.

       The next step is determining whether plaintiff's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.

1

Haines v. Kerner, 404 U.S. 519, 521 (1972).

Plaintiff's complaint reads in its entirety as follows:

A live birth as "baby boy" Sowinski occurred on 23 August 2009 within the city of Madison, in the state of Wisconsin; relevant to Richard Kirklewski and Ivy Sowinski as biological parents.

Ivy Sowinski ambition exist [ed] to ongoingly provide her mother's milk by means of her mammalia to baby boy.

The aforsesaid defendants have more than interfered with and yet prevent Ivy's maternal desire to provide nutrition and bolster baby boy's immune system.

Currently, the defendants have variously acted to contaminate and poison Ivy Sowinski's milk supply, as one (1) effect of forcing dangerous drugs into her system.

Although the damages inflicted upon Ivy and baby boy, exist as now irreversible; that doesn't mean no mitigation of damages.

Plaintiff seeks the following relief:

Hold in abeyance, all local issuance and state class actions adversely affecting Ivy and baby boy.

Cease and desist involuntary commitment and forcing unwanted drugs into Ivy.

Allow Richard Kirklewski amended complaint opportunity.

Although it is not completely clear, it appears that plaintiff wishes to challenge a state court order that is forcing Ivy Sowinski, who is not a plaintiff in this case, to take drugs that interfere with her right to breast feed her child. However, plaintiff Richard Kirklewski has

2

not alleged that any of the named defendants took any action against him.

It appears that he may be asking on behalf of his son, "baby boy" Sowinski, to intervene in a state court action. It is not clear from the complaint whether the alleged state court is pending or closed. If the state case is pending, I must abstain from exercising jurisdiction under Younger v. Harris, 401 U.S. 37, 44 (1971). On the other hand, if the state court action is closed, the "Rooker-Feldman" doctrine applies. Under this doctrine, the lower federal courts are without jurisdiction to review the rulings of a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). In either event, this court lacks subject matter jurisdiction to hear this case and it will be dismissed.

ORDER

IT IS ORDERED that plaintiff Richard Kirklewski's request for leave to proceed in forma pauperis is DENIED and this case is DISMISSED without prejudice for lack of jurisdiction. The clerk of court is directed to close this case.

Entered this 6th day of July, 2010.

                          BY THE COURT:

                          /s/
                          BARBARA B. CRABB
                          District Judge

4

Case: 3:10-cv-00347-bbc Document #: 3 Filed: 07/06/10 Page 4 of 4